UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

JOHN JAY REILLY,                                    Case No. DG 17-02411
                                                    Chapter 13
            Debtor.                                 Hon. Scott W. Dales

_____/

OPINION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

On September 12, 2018, Andersen, Ellis & Shephard (the "Firm"), counsel for John Jay Reilly (the "Debtor"), filed and served its Motion for Determination of Cause Under 11 USC 349(b) (ECF No. 40, the "Motion"), using the court's "notice and opportunity to object" procedures prescribed in LBR 9013(c).

On the same day the Firm filed its Motion, the court conducted the adjourned hearing on the chapter 13 trustee's motion to dismiss the Debtor's case. At the conclusion of the hearing, the court announced its intention to dismiss the case. The next day, the court entered the text order dismissing the case (ECF No. 41, the "Dismissal Order"). No party in interest has sought relief from the Dismissal Order.

After the opportunity to object to the Motion expired under LBR 9013(c), the Firm filed a certificate of no objection and a proposed order granting the Motion. Nevertheless, the court held a hearing to consider the Motion on December 12, 2018 in Grand Rapids, Michigan, at which the Firm appeared through counsel.

The court acknowledges that the Firm filed the Motion on the date of the dismissal hearing, one day before the entry of the Dismissal Order, but the timing of the Motion does not undermine the effect of dismissal which, as the court observed last year, is "an event of substantive and jurisdictional significance," causing (among other things) the dissolution of the bankruptcy estate, and re-vesting estate property in the debtor. *In re Gonzales*, 578 B.R. 627, 628 (Bankr. W.D. Mich. 2017).

When dismissal brings a case to an end, "courts should limit the effects of the case and their previously exclusive *in rem* jurisdiction over property formerly within the estate, returning the parties to their prior positions as far as possible, governed by applicable non-bankruptcy law." *Id.*, 578 B.R. at 632. Here, to avoid giving the Firm any bankruptcy-related advantage over the

Debtor's other creditors, the court will hew to its opinion in *Gonzales* and deny the Motion for the reasons set forth above and in that opinion.

Of course, nothing in this Order precludes the Debtor from paying the Firm as he agreed, after the trustee returns the funds to him.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 40) is DENIED and the chapter 13 trustee shall return all funds on hand to the Debtor, in accordance with the court's decision in *Gonzales*.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon John Jay Reilly, Rebecca L. Johnson-Ellis, Esq., Brett N. Rodgers, Esq., the chapter 13 trustee, and the United States Trustee (by First Class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 12, 2018**



Scott W. Dales
United States Bankruptcy Judge